**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DALLAS WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-003 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on a petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody, filed by Dallas Washington, a *pro se* prisoner, on December 29, 2011, and entered into the docket on January 4, 2012 (DE #1). For the reasons set forth below, the petition is **DISMISSED WITH PREJUDICE**.

BACKGROUND

In deciding the petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Washington's burden to rebut this presumption with clear and convincing evidence. *Id.* In 1985, Washington was convicted of rape, robbery, and criminal confinement in Marion County, Indiana, under *State v. Washington*, Cause No. CR 85-053B. The Indiana Supreme Court set forth the facts underlying Washington's

convictions as follows:

> On January 27, 1985, at approximately 7:20 a.m., N.E., the victim in this case, was awakened by a flashlight directed at her as she slept in her bed. Although the sun had not yet come up, the room was partially lighted by outside light coming through the window. Upon awakening, she observed a man whom she later identified as appellant brandishing a knife and holding a flashlight.
>
> When she asked appellant what he was doing there, he ran from the bedroom into the kitchen. The victim immediately jumped out of bed and ran toward the living room where her husband, who was an invalid, was asleep in a chair. She then observed that appellant had not left her home as she had hoped, but was still in her kitchen. At that point, appellant told her to return to the bedroom or he would "kill that old man in the chair." She returned to the bedroom followed by appellant. Appellant then raped her and took several items of personal property from the home.
>
> The victim was able to give a detailed description of her assailant to the police, including the type of glasses, gloves, and clothing that appellant was wearing. After appellant left, it was discovered that the front window in the home had been broken and the iron bars covering the window had been torn away.
>
> After viewing numerous photographs at the police station, the victim picked out the photograph of appellant. She subsequently identified him at a lineup conducted at the police station.

*Washington v. State*, 511 N.E.2d 452, 452-53 (Ind. 1987). Following a jury trial he was convicted of the charges, and also found to be a habitual offender. *Id.* at 452. He was sentenced to an aggregate term of 70 years. *Id.*

He appealed, raising the following arguments: the trial court erred in admitting certain evidence; the trial court erred in denying his motion for a mistrial based on a witness's reference to

2

his involvement in an unrelated crime; and the evidence was insufficient to support the jury's verdict. *Id.* at 452-54. In August 1987, the Indiana Supreme Court affirmed Washington's convictions. *Id.* at 454. He did not seek review in the United States Supreme Court. (*See* DE #1 at 1.)

In 1996, Washington filed a petition for post-conviction relief. *Washington v. State*, No. 49A02-1007-PC-801, slip op. at *3 (Ind. Ct. App. July 13, 2011). The petition was dismissed on September 27, 1996. (DE # 15-3 at 3.) In July 2006, Washington filed another post-conviction petition. *Washington*, No. 49A02-1007-PC-801, slip op. at *3. The public defender was appointed to represent him but subsequently withdrew. *Id.* at *3-4. On June 12, 2008, the trial court granted Washington's motion to withdraw the petition without prejudice. (DE # 15-3 at 7.)

On April 22, 2009, Washington filed a petition for writ of habeas corpus in state court. (*Id.* at 8.) The court construed this filing as a post-conviction petition under state law; following an evidentiary hearing, the court denied the petition, finding that his claims were untimely and otherwise without merit. *Washington*, No. 49A02-1007-PC-801, slip op. at *4. Washington appealed, raising the following arguments: the trial court erred in treating his habeas petition as a petition for post-conviction relief; his sentence was erroneous because the habitual offender enhancement was not attached to a specific conviction; there were

3

errors in the abstract of judgment; and his claims were timely. (*See* DE 15-5 at 5.) The Indiana Court of Appeals affirmed the denial of post-conviction relief. *Washington*, No. 49A02-1007-PC-801, slip op. at *4-11. Washington sought transfer to the Indiana Supreme Court, but his petition was denied. (DE #15-4 at 6.) He did not seek review in the United States Supreme Court. (DE #1 at 2.)

On December 29, 2011, Washington tendered his federal petition to prison officials for mailing. (DE # 1 at 5.) He claims as follows: (1) he is being held on an expired sentence because the trial court imposed a sentence of 40 rather than 70 years; (2) the post-conviction court erred in treating his state habeas petition as a petition for post-conviction relief; (3) as a result of errors in his abstract of judgment, he was only required to serve 40 years in prison; and (4) the habitual offender sentencing enhancement was

improper because it was not attached to any particular conviction.[1]
(DE #1 at 4.)

DISCUSSION

The respondent argues that Washington's petition is untimely by several years. (DE #16 at 5-8.) Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas petitions are subject to a strict one-year statute of limitations, stated as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The legal bases of some of Washington's claims are difficult to discern, but errors in the post-conviction proceedings would not entitle him to federal habeas relief, nor would errors of state law governing sentencing procedures or abstracts of judgment. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (errors of state law do not warrant federal habeas relief); *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (errors in state post-conviction proceedings do not warrant federal habeas relief); *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir. 1996) ("[E]rrors in state collateral review cannot form the basis for federal habeas corpus relief."); *see also Robinson v. State,* 805 N.E.2d 783, 792, 794 (Ind. 2004) (observing that an abstract of judgment is simply "a form issued by the Department of Correction and completed by trial judges for the convenience of the Department" and is not itself the "judgment of conviction"). The Court presumes for purposes of this opinion, and the state does not argue otherwise, that the petition contains at least some cognizable federal claims.

5

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Washington's convictions became final prior to the enactment of AEDPA, he had until April 24, 1997, to pursue federal habeas relief, absent any period of tolling. *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002). Washington filed a post-conviction petition in state court sometime in 1996, which was denied in September 1996.[2] He had several months remaining to seek federal habeas relief, but he did not do so. Nor did he file

---

[2] This filing was not part of the official records submitted by the respondent. Washington submits what purports to be a copy of his 1996 filing, and it challenges the propriety of his transfer within the prison rather than his underlying convictions. (*See* DE #20 at 14-17.) Unless the petition attacked Washington's convictions or sentence, it would not constitute a "collateral review" proceeding for tolling purposes. *See Price v. Pierce*, 617 F.3d 947 (7th Cir. 2010). Even if it did, as explained above Washington's federal petition would still be untimely by several years.

6

anything in state court that would have tolled the deadline for seeking federal habeas relief. Instead, he waited until July 2006 to file a petition for post-conviction petition in state court. *Washington*, No. 49A02-1007-PC-801, at *3. By that time, the one-year deadline for seeking federal habeas relief had long since expired. The state court's subsequent denial of post-conviction relief did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Accordingly, the petition was untimely by several years.

Washington does not directly respond to the state's timeliness argument in his traverse,[3] and instead he complains that the state briefed "other issues that have nothing to do with the issues presented by said Petitioner." (DE #20 at 4.) However, unless Washington's petition meets the threshold requirement of timeliness, the Court cannot reach his claims on the merits.

Elsewhere in his traverse, Washington appears to argue that his claims were not available until 2005, because that is when his sentence allegedly expired. (DE #20 at 6.) Although it is not clear, he may be attempting to invoke 28 U.S.C. § 2244(d)(1)(D). Under that provision, a federal petition must be filed within one

---

[3] Washington labeled his traverse "Supplemental to Traverse in Reply to State's Return to Order to Show Cause." (DE #20.) This is the only document he filed in response to the return, and it is unknown why he refers to it as a supplement.

year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). There is a distinction, however, between discovery of the factual predicate for a new claim and discovery of evidence that supports a claim already known to the petitioner; Section 2244(d)(1)(D) does not restart the time for seeking federal habeas relief simply because additional evidence for an existing claim becomes available. *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005). Furthermore, the time runs from the date the factual predicate could have been discovered through diligent inquiry, not when it was actually discovered or when its significance realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

Here, Washington's claims all center on his contention that the trial court made technical errors at sentencing, such that he should only have to serve 40 years in prison. (*See* DE #1 at 2-3.) Although these claims may have taken on new urgency for him in 2005 when he believed his sentence had expired, they have been available since the date of sentencing more than 20 years ago. Indeed, in support of his claims Washington submits a copy of a minute sheet prepared in 1985. (DE #20 at 13.) Furthermore, even accepting his contention that the claims became available in January 2005 (*see* DE #1 at 3), he did not file a federal habeas petition or seek post-conviction relief in state court until July 2006, well over a year

later. Accordingly, 28 U.S.C. § 2244(d)(1)(A) is of no assistance to him. The petition is untimely and must be dismissed.

Alternatively, the state argues that if Washington could establish that his petition was timely filed, his claims are procedurally defaulted in any event. (DE #16 at 8-12.) Under the AEDPA, the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review, either on direct appeal or on post-conviction review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. The companion procedural default doctrine precludes a federal court from reaching the merits of a federal claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear the claim would be barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514.

Here, the Indiana Court of Appeals did not reach the merits of Washington's sentencing claims, instead concluding that they were untimely under state law because they were available when he filed

9

his earlier post-conviction petitions.[4] *See Washington*, No. 49A02-1007-PC-801, slip op. at *9-10. As these claims were denied on an adequate and independent state procedural ground, federal habeas review is barred. *See Coleman*, 501 U.S. at 729-30. Therefore, even if these claims were timely, they could not be reached on the merits. Accordingly, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

As is fully explained above, Washington's habeas petition is untimely by several years, and his claims are otherwise procedurally defaulted. Nothing before the Court suggests that

---

[4] Although the appellate court did not reach these claims, the trial court found no merit to them. The court pointed out that the minute sheet from sentencing clearly stated that the habitual offender enhancement attached to the rape conviction, and that the court was imposing an aggregate sentence of 70 years. (*See* DE #15-5 at 18.) If the Court could reach the merits of Washington's claims, it would be his burden to rebut this factual determination with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

10

jurists of reason could debate the outcome of the petition or find a reason to encourage Washington to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

CONCLUSION

For the reasons set forth above, the petition (DE #1) is **DISMISSED WITH PREJUDICE**. The Court **DENIES** the petitioner a certificate of appealability.

**DATED: October 29, 2012**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**

11